


~~SEALED~~
~~BY COURT ORDER~~

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT       ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C § 1030(a)(5)(A).

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Ten years imprisonment, three years supervised release, $250,000 fine, $100 special assessment, forfeiture, restitution.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUN 23 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ DONALD RYAN AUSTIN

**DISTRICT COURT NUMBER**
CR16-00269 WHA

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   MICHELLE J. KANE

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: San Francisco

UNITED STATES OF AMERICA,

V.

DONALD RYAN AUSTIN,

CR16-00269 WHA

DEFENDANT.

**INDICTMENT**

18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) - Intentional Transmission Causing Damage to a Protected Computer; 18 U.S.C. § 1030(i) and (j) Forfeiture

A true bill.

_____ Foreman

Filed in open court this 23rd day of June 2016

_____ Clerk

Bail, $ no bail warrant

~~SEALED BY COURT ORDER~~

BRIAN J. STRETCH (CABN 163973)
United States Attorney


FILED
JUN 23 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DONALD RYAN AUSTIN, <br><br> Defendant. | CASE NO. CR16-00269 <br><br> VIOLATION: 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) – Intentional Transmission Causing Damage to a Protected Computer; 18 U.S.C. § 1030(i) and (j) – Forfeiture. <br><br> SAN FRANCISCO VENUE <br><br> ~~UNDER SEAL~~ |

# INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

## THE LINUX OPERATING SYSTEM

1. Linux was an operating system, which is software that enables a computer to function and allows a user to run applications on the computer. Millions of business, government, academic, and personal computers ran the Linux operating system.

2. The Linux kernel was the core piece of software in the Linux operating system. The Linux kernel was a basic set of instructions for a computer plus a collection of optional instruction modules.

INDICTMENT

3. The Linux kernel was "open source software," meaning that its source code was available for anyone to view and modify. The source code was the list of computer instructions written in a language readable by humans.

## THE LINUX ORGANIZATIONS

4. The Linux Kernel Organization was a nonprofit organization with offices in San Jose, California. It operated a website, www.kernel.org, from which it distributed the Linux kernel. Internet users could download versions of the Linux kernel from the www.kernel.org website pursuant to a free software license.

5. The Linux Foundation was a separate nonprofit organization with offices in San Francisco, California. The Linux Foundation encouraged the development of open source software and promoted the Linux operating system. The Linux Foundation also managed the Linux Kernel Organization and provided financial, staffing, and technical support for the operation of the www.kernel.org website.

6. The Linux Kernel Organization and Linux Foundation leased and operated a number of servers in order to host the Linux kernel and the www.kernel.org website. A server was a computer that managed access to network resources by other computers. Some of the servers hosted copies of the Linux kernel and some provided other website functions.

7. P.A. was a member of the Linux Foundation Technical Advisory Board and founder of the Linux Kernel Organization.

8. J.H. was a system administrator for the Linux Kernel Organization.

## THE DEFENDANT'S ATTACKS ON
## SERVERS CONNECTED TO THE LINUX ORGANIZATIONS

9. The Phalanx rootkit was a piece of malicious software that established a "backdoor" on a computer, allowing an unauthorized person to access the computer with full administrative privileges. An attacker could use the backdoor to connect to the infected computer via SSH, which is a protocol that allows secure remote login and control of a computer. The rootkit also enabled an unauthorized person to install additional software on the infected computer.

10. The Ebury trojan was a piece of malicious software that harvested the credentials of

INDICTMENT

authorized users who logged in via SSH to an infected computer. The Ebury trojan collected the credentials and transmitted them over the Internet to an outside computer controlled by the person who installed the malicious software.

11. The defendant, DONALD RYAN AUSTIN ("AUSTIN"), used credentials belonging to an individual, J.H., to gain unauthorized access to servers belonging to the Linux Foundation, the Linux Kernel Organization, and P.A. AUSTIN installed the Phalanx rootkit and Ebury trojan on several of those servers, causing damage without authorization. AUSTIN also used the unauthorized administrative privileges to make other changes to the servers, such as inserting messages that would automatically display when the servers restarted. One of AUSTIN's goals was to gain access to the software distributed through the www.kernel.org website.

COUNT ONE: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or Command Causing Damage to a Protected Computer)

12. The factual allegations of Paragraphs One through Eleven are re-alleged and incorporated as if fully set forth here.

13. The Linux Foundation leased a server, known as "Odin1," in connection with the operation of the www.kernel.org website. The Odin1 server was connected to the Internet and located in San Jose, California.

14. Starting on or about August 13, 2011 and continuing through on or about September 1, 2011, in the Northern District of California and elsewhere, the defendant,

DONALD RYAN AUSTIN,

knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer; that is, AUSTIN knowingly transmitted a program, information, code, and command to the Odin1 server and thereby caused damage without authorization, and the offense caused loss to a person during a one year period from the defendant's course of conduct affecting a protected computer aggregating at least $5,000 in value. All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i).

//

INDICTMENT

1  COUNT TWO: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or
2  Command Causing Damage to a Protected Computer)
3     15.    The factual allegations of Paragraphs One through Eleven are re-alleged and incorporated
4  as if fully set forth here.
5     16.    The Linux Foundation leased a server, known as "Zeus1," in connection with the
6  operation of the www.kernel.org website. The Zeus1 server was connected to the Internet and located in
7  San Jose, California.
8     17.    Starting on or about August 13, 2011 and continuing through on or about September 1,
9  2011, in the Northern District of California and elsewhere, the defendant,
10                      DONALD RYAN AUSTIN,
11 knowingly caused the transmission of a program, information, code, and command, and, as a result of
12 such conduct, intentionally caused damage without authorization to a protected computer; that is,
13 AUSTIN knowingly transmitted a program, information, code, and command to the Zeus1 server and
14 thereby caused damage without authorization, and the offense caused loss to a person during a one year
15 period from the defendant's course of conduct affecting a protected computer aggregating at least
16 $5,000 in value. All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and
17 (c)(4)(B)(i).
18 COUNT THREE: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or
19 Command Causing Damage to a Protected Computer)
20    18.    The factual allegations of Paragraphs One through Eleven are re-alleged and incorporated
21 as if fully set forth here.
22    19.    The Linux Foundation leased a server, known as "Pub3," in connection with the
23 operation of the www.kernel.org website. The Pub3 server was connected to the Internet and located in
24 Redwood City, California.
25    20.    Starting on or about August 13, 2011 and continuing through on or about September 1,
26 2011, in the Northern District of California and elsewhere, the defendant,
27                      DONALD RYAN AUSTIN,
28 knowingly caused the transmission of a program, information, code, and command, and, as a result of
   INDICTMENT

1  such conduct, intentionally caused damage without authorization to a protected computer; that is,
2  AUSTIN knowingly transmitted a program, information, code, and command to the Pub3 server and
3  thereby caused damage without authorization, and the offense caused loss to a person during a one year
4  period from the defendant's course of conduct affecting a protected computer aggregating at least
5  $5,000 in value. All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and
6  (c)(4)(B)(i).
7  COUNT FOUR:  (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or
8  Command Causing Damage to a Protected Computer)
9       21.    The factual allegations of Paragraphs One through Eleven are re-alleged and incorporated
10 as if fully set forth here.
11      22.    P.A. used a computer located in the Northern District of California and connected to the
12 Internet as a private e-mail server.
13      23.    Starting on or about August 13, 2011 and continuing through on or about September 1,
14 2011, in the Northern District of California and elsewhere, the defendant,

                          DONALD RYAN AUSTIN,

16 knowingly caused the transmission of a program, information, code, and command, and, as a result of
17 such conduct, intentionally caused damage without authorization to a protected computer; that is,
18 AUSTIN knowingly transmitted a program, information, code, and command to P.A.'s personal mail
19 server and thereby caused damage without authorization, and the offense caused loss to a person during
20 a one year period from the defendant's course of conduct affecting a protected computer aggregating at
21 least $5,000 in value. All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and
22 (c)(4)(B)(i).
23 FORFEITURE ALLEGATION
24      24.    The factual allegations contained in this Indictment are hereby realleged for the purpose
25 of alleging forfeiture pursuant to Title 18, United States Code, Section 1030(i) and (j).
26      25.    Upon conviction of the offenses in violation of Title 18, United States Code, Section
27 1030(a)(5) set forth in this Indictment, the defendant,
28 //

INDICTMENT

DONALD RYAN AUSTIN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to: a sum of money equal to the total amount of proceeds defendant obtained or derived, directly or indirectly, from the violation.

26. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2). All pursuant to Title 18 United States Code, Section 1030.

Dated: 6/23/16

A TRUE BILL.

*[signature]*
FOREPERSON

BRIAN J. STRETCH
United States Attorney

*[signature]*
MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: *[signature]*
AUSA M. KANE

INDICTMENT

6