1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  MICHELLE J. KANE (CABN 210579)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        michelle.kane3@usdoj.gov
8
   Attorneys for the United States
9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,         )   NO. CR 16-00269 WHA
14                                   )
         Plaintiff,                  )   STIPULATION AND [PROPOSED] ORDER
15                                   )   MODIFYING CONDITIONS OF RELEASE.
     v.                              )
16                                   )
   DONALD RYAN AUSTIN,               )
17                                   )
         Defendant.                  )
18                                   )
                                     )
19

20       Defendant Donald Ryan Austin, by and through his retained counsel, and the United States

21 Attorney's Office for the Northern District of California, by and through Assistant United States

22 Attorney Michelle J. Kane, hereby stipulate and agree to the following:

23       1.      On October 11, 2016, the Court set conditions of release for defendant Donald Ryan

24 Austin, one of which was a condition that he not have access to internet via any type of connectivity

25 device; that he not be employed where there is access to computer or social media; no email or social

26 media account or use of another's account; and a prohibition from using another's computer or device

27 with internet.

28       2.      On December 9, 2017, the Court signed an order based on the stipulation of the parties,

STIP. & [PROPOSED] ORDER
16-00269 WHA

modifying the defendant's conditions of release as follows:

    a)     The defendant may access the internet as specified in paragraphs c and d below. The defendant may install within his home a connectivity device that will allow him to access the internet. The parties are also agreeing to this stipulation so that the defendant's wife, Stephanie Cortes Austin, may work from her home.

    b)     The defendant may use and access the internet using his personal computer and/or cell phone.

    c)     The defendant may access the internet for work purposes for the following purpose:

        i.     The defendant's work involves viewing computer security related news, websites, and mailing lists where security vulnerabilities are discussed and patched which he uses in reference to his work. The defendant may conduct his work on his computer and via the internet. His work involves choosing software which he or his employer / contractor deems valuable to have him research and audit the code for vulnerabilities. He then writes exploits which his employer / contractor sell to other 3rd party clients to be sold to the government. The work mentioned above may also involve the downloading of commonly used software; Google Chrome, Internet Explorer, Adobe Products, Web Applications and Forums, IOS Software, and Android Software and Applications.

        ii.     The defendant shall not engage in any penetration testing, vulnerability scanning, or other probing of any software or computer that he has not been specifically authorized to test or access.

        iii.     The defendant is also engaged in the business of importing Japanese specialty cars and parts to the United States. He shall be allowed to access the internet to view EBay and Japanese auction websites from which he buys and imports the specialty cars and associated car parts.

    d)     Personal use of computer and phone:

    The defendant may access the internet for the personal use for the following:

        i. The defendant may use his existing email account for personal communication with friends and business associates and to communicate with his attorney. Emails between the defendant and his attorney shall not be accessed or reviewed by the Government or Pre-trial services.

        ii. The defendant may access the internet for personal banking and payment of bills online.

        iii. The defendant may access search engines for personal reasons and leisure.

        iv. The defendant may access Facebook and his personal Facebook account. He may also access groups on Facebook that are associated with the defendant's Japanese car business and share that same interest. These groups also advertise and discuss Japanese auto parts which are bought and sold by the defendant as part of his business.

        v. The defendant shall be allowed to access and view Netflix through his account.

        vi. The defendant shall not open any new Internet accounts, including, but not limited to, email, messaging services, or social media, without the prior approval of his Pretrial Services Officer.

3. The defendant also agreed, and the Court ordered, that Pretrial Services would install IPPC software (Device and Internet Monitoring software) on his personal computer and cell phone, and that those devices shall be monitored and subject to random monitoring and searches by Pretrial Services.

4. Defendant resides in the Southern District of Florida and is being supervised there while on pretrial release. According to Probation Officer John Steinhilber of the Southern District of Florida and U.S. Pretrial Services Officer Brad Wilson of the Northern District of California, defendant has complied with his conditions of pretrial release, with the exception of the information detailed in the Form 8 filed with the Court November 3, 2016, for which no action was taken.

5. Officers Wilson and Steinhilber have requested that the above conditions of release be modified as follows, and the parties are in agreement:

1      a. The restrictions on computer use in Paragraphs 2(a)-(d) and 3 above shall be removed and replaced by the following conditions:

      i. The defendant shall not access or attempt to access any computer without authorization or in excess of authorization.

      ii. The defendant shall not cause or attempt to cause the transmission of any program, information, code, or command that causes damage without authorization to a computer.

      iii. The defendant shall not access or attempt to access any computer associated with the Linux Foundation, the Linux Kernel Organization, or any victims or witnesses in the case.

      iv. Any computers or electronic devices in defendant's possession, including any located at his residence, shall be subject to random monitoring and searches by Pretrial Services.

//

      vii.      The defendant shall not open any new Internet accounts, including, but not limited to, email, messaging services, or social media, without the prior approval of his Pretrial Services Officer.

IT IS SO STIPULATED.

                                            BRIAN J. STRETCH
                                            United States Attorney

Dated: March 16, 2017                          /s/
                                            MICHELLE J. KANE
                                            Assistant United States Attorney

Dated: March 16, 2017                          /s/
                                            SIDNEY FLEISCHMAN
                                            Attorney for Defendant Donald Ryan Austin

**ORDER**

IT IS SO ORDERED.

DATED:                                                            
                                              HON. SALLIE KIM
                                            United States Magistrate Judge